IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DE'ANDRE BERNARD,

                        Plaintiff,                           OPINION AND ORDER

v.

                                                        17-cv-331-wmc

OFFICER KIBBLE, et al.,

                        Defendants.

Plaintiff De'Andre Bernard is proceeding under 42 U.S.C § 1983 against several employees at the Waupun Correctional Institution on Eighth Amendment claims for deliberate indifference to a substantial risk of self-harm, to a serious medical need, and to conditions of his confinement. Before the court is Bernard's motion to compel defendants to respond to his first request for production of documents (dkt. 41) and his motion opposing the appearance of a second attorney of record for defendants (dkt. 57). I will deny both motions.

**I. Motion to compel**

Bernard asserts in his motion to compel that defendants never responded to his first request for documents. He admits in reply, however, that although he filed this request with the court, he now recognizes that he needs to send his requests directly to defendants' lawyers. (Dkt. 55.) Bernard has apparently successfully served a subsequent set of document production requests (dkt. 24 at 8), and is free to serve defendants with any remaining requests, keeping in mind the discovery cutoff date of August 3, 2021. As there is no discovery dispute to resolve, I will deny his motion as moot.

**II. Motion opposing the appearance of defendants' additional counsel**

Bernard also seeks to deny the fifteen defendants in this case an additional attorney. (Dkt. 57.) On August 7, 2020, an assistant attorney general entered an appearance as a second counsel of record for defendants. (Dkt. 49.) Bernard asserts that (1) having two attorneys gives defendants an unfair advantage over him, a *pro se* litigant, and (2) he cannot afford the postage required to serve copies of his filings on two attorneys. Bernard's concerns are misplaced. It is routine for the Attorney General to assign two assistants to a case, who then tag-team the work. It's not like this is a wrestling match where Bernard's two opponents will gang up on him at the same time; Bernard won't be confronted with any additional work just because two attorneys are splitting their assignments. As for Bernard's concern about increased postage, Bernard needs to re-read the preliminary pretrial conference order: he doesn't have to mail *anything* to the defendants' attorneys because they have agreed to obtain copies of his filings from the court file. *See* April 20, 2020 Preliminary Pretrial Conference Order, dkt. 24, at 2-3. If Bernard has been mailing his documents to the assistant attorney general assigned to this case, then he can stop. All he needs to do is mail his submissions to the court.

ORDER

IT IS ORDERED that plaintiff De'Andre Bernard's motion to compel (dkt. 41) is DENIED as moot and his motion opposing additional defense counsel (dkt. 57) is DENIED as unnecessary.

Entered this 26th day of August, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge