IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DE'ANDRE BERNARD,

           Plaintiff,               OPINION AND ORDER

v.

                                     17-cv-331-wmc

OFFICER KIBBLE, et al,

           Defendants.

*Pro se* plaintiff De'Andre Bernard, a prisoner at Waupun Correctional Institution, is proceeding under 42 U.S.C § 1983 against defendants on Eighth Amendment claims for deliberate indifference to a substantial risk of self-harm, to a serious medical need, *and* to conditions of his confinement. (Dkt. #18 at 14.) Before the court is plaintiff's motion to amend his complaint by (1) correcting a date, (2) substituting a defendant, and (3) clarifying that he is suing defendants in their individual and official capacities.[1] (Dkt. #59 at 1-2.) For the following reasons, the court will grant in part and deny in part plaintiff's motion.

First, the court will deny as unnecessary plaintiff's request to correct the date of an alleged event from October 26, 2016 to October 29, 2016. Although the court's July 20, 2020, text-only order erroneously references October <u>26</u> (dkt. #45), the October 29 date reflected in the complaint (dkt. #1 at 2) and screening order (dkt. #18 at 2) is the correct one and has not been changed.

---

[1] Plaintiff also asks to "reallege" the dates of, and the defendants allegedly involved in each of the events underlying his claims. (Dkt. #59 at 2.) This is unnecessary because the complaint and screening order already reflect this information, including the named defendants as amended by the court's May 15, 2020, and July 20, 2020, text-only orders, and by this order. (Dkt. ##31, 45.)

Second, plaintiff, in reliance on an employee investigation report, now identifies Lt. Jessie Schneider rather than current defendant Nelson as the individual passing out supplies on August 13, 2018, who allegedly disregarded his self-inflicted injuries. (Dkt. #59 at 1, 59-3.) Since plaintiff does not add any new factual allegations to the complaint, and there appears to be no objection by defendants' counsel, plaintiff's complaint and caption will be deemed amended to replace defendant Nelson, who is dismissed from this lawsuit at plaintiff's request, with Lt. Schneider.

Third, and finally, plaintiff, who is seeking both monetary damages and injunctive relief, wishes to clarify that he is suing each of the defendants in both their individual *and* official capacities, which is already apparent given the relief sought. However, an individual capacity suit focuses on the constitutional torts of specific officials, while a suit against a prison official in his or her official capacity is effectively a suit against the prison itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Although money damages are not available, official capacity claims seeking injunctive relief are permissible under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989). Such a claim, however, "can stand only against someone who has the authority to grant it." *Williams v. Doyle*, 494 F. Supp. 2d 1019, 1024 (W.D. Wis. 2007); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Accordingly, plaintiff may proceed on his claim for injunctive relief against named defendant Warden Foster in his official capacity to limit the number of days a

mentally ill inmate can be housed in segregation at Waupun. (Dkt. #14 at 2.).[2]

ORDER

IT IS ORDERED that:

1) Plaintiff De'Andre Bernard's motion to amend his complaint (dkt. #59) is GRANTED in part and DENIED in part as provided in this order.

2) Defendant Officer Nelson is DISMISSED from this lawsuit.

3) The Wisconsin Department of Justice may have two weeks from the date of this order to notify the court whether it will accept service on behalf of Lt. Jessie Schneider.

Entered this 22nd day of January, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[2] For purposes of clarity, plaintiff is also proceeding against Warden Foster in his individual capacity as indicated in the screening order on claims that Foster knew plaintiff was subjected to conditions of confinement that created a serious risk of injury, yet deliberately disregarded the risk, and that he was deliberately indifferent to plaintiff's serious medical needs and to his risk of self-harm by disregarding the inadequacies of available therapeutic activities as well as systemic shortcomings at Waupun in addressing plaintiff's ongoing mental health challenges and in keeping staff informed of plaintiff's risk of self-harm. (Dkt. #18 at 8-10, 12-13.)