IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DE'ANDRE BERNARD,

              Plaintiff,

v.

OFFICER KIBBLE, et al.,

              Defendants.

OPINION AND ORDER

Case No.  17-cv-331-wmc
_____

      Pro se plaintiff De'Andre Bernard, a prisoner at Waupun Correctional Institution, is proceeding in this action on Eighth Amendment claims for deliberate indifference to a substantial risk of self-harm, to a serious medical need, and to conditions of confinement. Before the court is Bernard's motion to compel defendants to produce: (1) photographs of his self-inflicted injuries from November 17, 2016, and August 13, 2018; and (2) surveillance video footage from October 29, 2016, of the strip cell area and of the upper B-Range of Waupun's restricted housing unit.  (Dkt. 60.)

      Defendants oppose the motion, which I will deny because I cannot compel defendants to produce that which does not exist.  With respect to the photographs, Bernard acknowledges receiving those taken of his injuries on June 19, 2017, but says he "remembers vividly multiple photographs being taken" on the other two dates.  (Dkt. 74 at 6.)  He concedes, however, that he cannot prove other photographs ever existed and he does not claim that he ever requested that photographs be taken or preserved.  Defendants note there is no policy at Waupun requiring that photographs be taken of a self-harm incident, and that Bernard's injuries and treatment are documented in his medical records in any event.

      More to the point, defendants assert that they have produced all the responsive photographs they could find.  In support, defendants rely on the uncontested declaration of

Waupun's litigation coordinator who explains where preserved photographs are stored and cataloged, and who attests to twice searching for self-injury photographs taken on November 17, 2016 or August 13, 2018 and finding none. There is no reason why defendants would produce some available photographs and not others, so I am satisfied that defendants have conducted a thorough search for responsive photographs and that they have provided all that exist.

With respect to the video footage from October 29, 2016, defendants explain that at the time of the incident, Waupun's security cameras recorded video to a server with the capacity to store approximately 30 days of footage at a time before overwriting the oldest videos with the newest ones. Because Bernard admittedly never requested that the footage be preserved for litigation purposes–nor was there a request to preserve it for a staff investigation–defendants assert that any surveillance footage from the 2016 date at issue was therefore overwritten long ago. Still, to make sure, the litigation coordinator twice checked the DVD binder and the video database for the year 2016, as well as the binders containing all video evidence for that year, and found no footage. There was no preserved footage in the security director's office folders either. I am again satisfied that defendants have conducted a thorough search in response to Bernard's production request.

The only relief Bernard seeks at this time is to compel production. Although I am denying his motion to compel, I note Bernard's arguments in reply that the video supports his allegations, defendants had a duty to preserve it, and it may have been destroyed in bad faith. To the extent Bernard wants to seek sanctions for any alleged spoliation, he may file a separate motion during summary judgment, when the claimed importance of the video footage can be better understood against the overall record. *See Bracey v. Grondin*, 712 F.3d 1012, 1018-19 (7th

Cir. 2013) (an adverse-inference instruction is appropriate when a party had a duty to preserve evidence and the evidence is destroyed in bad faith for the purpose of hiding adverse information).

ORDER

IT IS ORDERED that plaintiff De'Andre Bernard's motion to compel (dkt. 60) is DENIED.

Entered this 4th day of March, 2021

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge