IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DE'ANDRE BERNARD,

           Plaintiff,

v.

OFFICER KIBBEL, et al.,

           Defendants.

OPINION AND ORDER

17-cv-331-wmc

---

Pro se plaintiff De'Andre Bernard, a prisoner at Waupun Correctional Institution has three motions under advisement with the court: two motions to compel (his third and fourth in this case) and a renewed motion for assistance in the recruitment of counsel, which I will deny.

**Third Motion to Compel (dkt. 85)**

Bernard seeks an order compelling defendants to produce: (1) electronically-logged intercom transmissions from October 29, 2016, and (2) contact information for the nondefendant nurse who treated Bernard's self-inflicted wounds on that same date. Relevant here, I note that Bernard is proceeding on claims against defendants Kibbel, Kijeck and Hintz for allegedly acting with deliberate indifference to the risk that he would self-harm on October 29. Because these defendants allegedly worked during first shift that day, from 6:00 a.m. until 2:00 p.m., and presently maintain that Bernard committed self-harm during second shift, Bernard seeks evidence to support his allegations that he also committed self-harm during first shift and these defendants were aware of, but ignored, the risk that he would. (Dkt. 92 at 4.)

Defendants have produced the handwritten intercom log, the shift report, and logbook pages for October 29. (Dkts. 91-1, 91-10, 91-12.) As for the electronic intercom transmission log, Bernard does not indicate what additional information it would contain that is relevant to his claims, other

than to suggest that the log would show that his cell door was opened at some point during first shift. (Dkt. 93 at 1.) However, defendants credibly explain that the electronic log is no longer available because the intercom system was replaced in 2020 and the equipment scrapped. (Dkt. 98-1.) I cannot compel defendants to produce what does not exist.

With respect to the nondefendant nurse, Bernard would like to question her about her incomplete progress note from October 29 documenting that she treated him in a "strip cell" at 1:00 p.m. for a "self-inflicted laceration to..." (Dkt. 92 at 8.) Specifically, he wants her to "verify" her note, explain what a laceration is, and describe the severity of his injury. (Dkt. 93 at 1-2.) Defendants maintain, however, that the nurse no longer works for the Department of Corrections and, due to unspecified safety concerns, they will not provide her personal contact information to an inmate. Moreover, they argue that her testimony is not necessary to substantiate Bernard's claims defendants Kibbel, Kijeck and Hintz in any event.

Defendants have the better of the argument in some respects. First, Bernard can establish generally what a laceration is and how his was treated without this nurse's testimony. Indeed, Bernard attaches to his reply a copy of patient education materials that state this information, and he has said that the nurse treated his laceration that day with steri-strips. (Dkts. 41 at 6, 93-1.) Second, defendants do not dispute that this nurse treated Bernard on October 29 and wrote the incomplete progress note, so there is no need for the nurse to independently verify the note or its contents as hers. Third and relatedly, the note speaks for itself, indicating that the nurse treated Bernard for a self-inflicted laceration at 1:00 p.m., that is, during first shift.

The question is closer with respect to Bernard's assertion that the nurse could testify to what her progress note omits: a description of the severity of the self-inflicted laceration she treated. Because Bernard is seeking compensatory damages for his alleged physical injuries, evidence that

sheds light on the extent of such injuries is relevant to that question. (Dkt. 1 at 5.) But at this point, it is not clear that Bernard would need this specific testimony to survive summary judgment on his claims that defendants Kibble, Kijeck and Hintz acted with deliberate indifference to a substantial risk of serious self-harm. *Cf. Braithwaite v. Smelcer*, No. 18-CV-1507, 2019 WL 3937015, at *2 (E.D. Wis. Aug. 19, 2019) (holding that a reasonable jury could conclude that plaintiff's self-harm threats were genuine at the time he made them, even though he ended up inflicting only minor injuries); *Burgess v. Mink*, No. 18-CV-527-JDP, 2020 WL 1082788, at *3 (W.D. Wis. Mar. 6, 2020) ("The question at this point in the analysis is whether Burgess was at risk of serious harm, not whether he ultimately suffered a serious injury in the fall."). To oppose a summary judgment motion, Bernard can marshal–subject to the Federal Rules of Evidence–his own sworn assertions and allegations regarding the severity and treatment of his injuries and related events, defendants' statements or those of other witnesses and relevant medical records.

Although I am denying Bernard's motion to compel, I do so without prejudice to renewal should these deliberate indifference claims survive summary judgment and Bernard wish to subpoena the nurse for trial.[1]

### Fourth Motion to Compel (dkt. 89)

Bernard also asks the court to review and "determine the sufficiency" of defendants Hintz's, Foster's, and Meli's answers to his requests to admit. (Dkts. 89-90.) Defendants oppose the motion, noting that Bernard "provides no further explanation or support for his motion other than arguing

---

[1] Bernard also seeks sanctions for spoliation. Because this motion is not yet under advisement, I will not address it now. Moreover, the claimed importance of this evidence can be better understood against the overall record once the parties have presented their versions of events via summary judgment briefing.

Defendants' answers are evasive and incomplete," but provide the relevant responses for my review. (Dkt. 92 at 3.)

I will deny this motion. Beginning with Melli, Bernard does not specify which of this defendant's responses he objects to, or why. (*See* dkt. 86-1.) Similarly, Bernard contends in a letter to defense counsel that Foster's responses to requests for admissions 4-9, 11, and 17-25 are "evasive & incomplete," again without detailing why. (Dkt. 86-1.) I cannot guess. As for Hintz, Bernard raises more specific concerns in his letter with this defendant's responses to requests for admissions 3, 7, and 10-12. (Dkt. 86-1.) Requests for admissions 10-12 concern the authenticity and contents of, and the similarity of handwriting between, medical progress notes created by individuals other than Hintz, a correctional officer. (Dkt. 91-9 at 3-4.) Hintz responds that he lacks sufficient knowledge to either admit or deny these statements, but the medical records speak for themselves so Bernard can offer them, subject to the Federal Rules of Evidence, in opposition to a summary judgment motion.

Regarding request for admission 3, Bernard contends that Hintz's response is incomplete because Hintz admits Bernard was housed in Waupun on October 29 but does not also admit that as a DOC employee, he was responsible for Bernard's "safe custody" under Wis. Admin. Code DOC § 306.04. (Dkts. 86-1, 91-9 at 2.) Such additional elaboration was unnecessary, however, because Hintz has already admitted to being a DOC employee, and that § 306.04 concerns the responsibilities of DOC employees, in response to requests for admissions 1 and 2 respectively. (Dkt. 91-9 at 1-2.)

That leaves Bernard's assertion that Hintz's response to request for admission 7 is a "lie." (Dkt. 86-1 at 1.) Bernard asks Hintz to admit "that no incident report was written for 1st shift self-harm 10-29-2016 involving plaintiff." (Dkt. #91-9 at 2.) Hintz admits no such incident report

4

exists, but denies "that there was a self-harm incident [on October 29] other than that document[ed] in" an incident report written during second shift. (Dkts. 86-1, 91-9 at 2.) In other words, Hintz does not also admit to Bernard's disputed factual assertion that he engaged in self-harm on first shift.

Requests for admissions cannot resolve such factual disputes because they "are only useful to put to one side any innocuous, inarguable facts so that the parties can focus on exploring...disputed issues through types of discovery better suited for adducing such information." *Rapp v. Laufers*, 17-cv-948-bbc, 2019 WL 121105, at *3-4 (W.D. Wis. Jan. 7, 2019). I will not require Hintz to admit to a disputed fact simply because Bernard alleges it. Rather, Bernard has personal knowledge of the October 29 events, and he can offer his own affidavit, defendants' own statements to him, and his own copies of authenticated documents into the record in support of his claims.

## Motion for Assistance in Recruiting Counsel (dkt. 96)

Finally, Bernard renews his request for assistance in recruiting counsel. Judge Conley denied Bernard's March 2021 request because Bernard, having diligently engaged in substantial motion practice, had demonstrated in his submissions an understanding of the facts and legal standards applicable to his claims. (Dkt. 79.) His latest round of motions demonstrates that this continues to be the case. Although Bernard reiterates that he suffers from mental illness and has limited access to the law library due to the restrictions on movement at Waupun related to Covid-19, he does not specify how these restrictions or any mental health symptoms are interfering with his ability to litigate this case. Moreover, Bernard acknowledges that he is engaged in bi-weekly therapy and that he has had some recent access to legal resources. As I have advised Bernard before, he may seek an extension from the court should he have good reason for one.

Bernard's renewed motion appears to be based on his assumption that this case is proceeding

5

to trial given that defendants have decided not to depose him or file a motion for summary judgment. However, Bernard filed his request for counsel before the deadline for summary judgment, so it remains to be seen whether any of Bernard's claims will proceed to trial. For now, Bernard should do his best to respond to a motion for summary judgment and any proposed findings of fact submitted in support, using the materials he has gathered during discovery along with the guidance in the Preliminary Pretrial Conference Order. (Dkt. 24.) Because I see no basis to recruit counsel for Bernard at this point, I am denying this motion without prejudice to his ability to renew it before Judge Conley.

## ORDER

IT IS ORDERED that:

1. Plaintiff De'Andre Bernard's third motion to compel (dkt. 85) is DENIED.

2. Plaintiff's fourth motion to compel (dkt. 89) is DENIED.

3. Plaintiff's motion for assistance in recruiting counsel (dkt. 96) is DENIED.

Entered this 12th day of May, 2021.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge